IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


LITTLE APPLE 1, L.P.,

                              Plaintiff,

          Vs.                                                No. 05-4054-SAC

PANEL EXTERIORS, INC.,

                              Defendant.


MEMORANDUM AND ORDER

This case comes before the court on plaintiff's motion to remand. The parties are admittedly diverse, and the amount in controversy currently exceeds $75,000, but plaintiff claims the removal was untimely. Plaintiff contends that defendant should have determined more than 30 days before removal that the amount in controversy exceeded $75,000 and that the action was removable.

**Background**

This case was originally filed in Riley County, Kansas. Plaintiff asserted claims for breach of contract, breach of implied warranty, and negligence, arising out of defendant's alleged failure to properly install roof panels on plaintiff's 98-unit motel. In the petition, plaintiff prayed for "damages in an amount exceeding $30,000..." No other reference to the amount in controversy was made, nor were

facts included from which one could reasonably have determined that the amount in controversy exceeded $75,000.

During discovery, plaintiff produced two documents to defendant which plaintiff contends triggered the 30 day-removal period. The first was a letter produced on or about November 17, 2004 in response to defendant's request for production of documents. In that letter, Little Apple's consultant, David Kendrick, stated:

> *if the roof continues to leak the next step is a total roof replacement*. The items that have been repaired to date will help the problem and were all based on repairing things that were not installed per industry standards, but in our opinion it would not be in the owner's best interest to keep trying to repair the roof system.

Dk. 11, Exh. B (emphasis added).

The second document was a designation of expert witness, filed on January 6, 2005 and served on defendant on about that same date. In this document, plaintiff's attorney stated that Kendrick was expected to testify that the ongoing water intrusion was due to the improper installation of the roof and that "[t]he only way to stop and correct the water intrusion problem is to replace a significant portion of the metal roofing system." Dk. 11, Exh. C. On that same day, plaintiff produced to defendant a document entitled "Room Repairs Since Settled with Midwest," itemizing $31,341.90 in damage to the hotel rooms. That

itemization contained a line item for "Bid on New Roof Repairs," but instead of providing any amount, the corresponding notation states only "please provide." Dk. 11, Exh. C.

On April 1, 2005, in response to defendant's second document request, plaintiff produced an accounting of the damage incurred and anticipated to incur as a result of replacing portions of the motel roof, which totaled more than $186,000.  Dk. 11, Exh. D.  On April 8, 2005, plaintiff filed a motion to amend its petition, increasing the prayer for damages to $186,561.31 for the breach of contract and breach of implied warranty of workmanlike performance claims and to an amount exceeding $75,000.00 for the negligence claim.  Dk. 11, Exh. E.

On April 29, 2005, defendant filed its notice of removal pursuant to 28 U.S.C. § 1332(a)(1) with this Court.  That notice was filed within 30 days of plaintiff's April 1st production of its accounting of damages, but more than 30 days after the plaintiff produced the above-noted documents to defendant.

**REMOVAL JURISDICTION**

As a court of limited jurisdiction, this court must refrain from exercising jurisdiction unless it is certain that such jurisdiction has been granted by Congress.  *See Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1182 (10th Cir. 2000) ("In light of the limited subject matter jurisdiction granted to the

3

federal courts by Congress, we have a duty to satisfy ourselves that jurisdiction is appropriate."). The removing defendant carries the burden of demonstrating that removal was proper and that the federal court has original jurisdiction. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). Federal removal jurisdiction is statutory in nature, and the governing statutes are to be strictly construed. *Shamrock Oil & Gas v. Sheets*, 313 U.S. 100, 108-09 (1941). It is well-settled that the presumption is "against removal jurisdiction." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001) (citation omitted). Doubtful cases must be resolved in favor of remand. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.), *cert. denied*, 516 U.S. 863 (1995).

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The parties agree that the basis for removal is diversity, that the parties are diverse, and that the initial petition did not state an amount in controversy of $75,000. For such cases, a 30-day deadline is established pursuant to 28 U.S.C. § 1446 (b), which states:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable...

**Oral Argument**

The court notes plaintiff's request for oral argument on its motion for remand and costs, but finds that the issues presented are simple and that oral argument would not be of material assistance to the court. This motion shall thus be denied.

**Analysis and Authorities**

Plaintiff contends that remand is required because of defendant's failure to remove this case within thirty days after receiving Kendrick's letter stating "if the roof continues to leak the next step is a total roof replacement." Alternatively, plaintiff contends that remand is required because of defendant's failure to remove this case within thirty days after receiving plaintiff's expert designation stating "[t]he only way to stop and correct the water intrusion problem is to replace a significant portion of the metal roofing system."

The sole dispute is whether these documents are "other paper[s] from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446 (b). The court finds that both the expert's letter and the attorney's expert designation are "other papers," as that term is used in the relevant statute. The issue is thus the date on which defendant's 30-day clock began to run.

It is well established that the right to removal must be clearly determinable by the defendant. As the Tenth Circuit explained:

> In *DeBry v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir. 1979), we held that "[i]f the statute is going to run, the notice ought to be unequivocal. It should not be one which may have a double design." We further ruled that "ascertained" as used in section 1446(b) means a statement that "should not be ambiguous" or one which "requires an extensive investigation to determine the truth." *Id.* at 490. *DeBry* is consistent with our prior ruling in *Ardison v. Villa*, 248 F.2d 226 (10th Cir. 1957), in which we interpreted the predecessor provision of § 1446(b), holding that the key to determining the date from which the clock begins to run is when the defendant is able to "intelligently ascertain removability." *Id.* at 227. We disagree with cases from other jurisdictions which impose a duty to investigate and determine removability where the initial pleading indicates that the right to remove may exist. [FN6] Rather, this court requires clear and unequivocal notice from the pleading itself, or a subsequent "other paper" such as an answer to interrogatory.

*Akin v. Ashland Chemical Co.*, 156 F.3d 1030, 1035 -1036 (10th Cir. 1998) (holding that ambiguous initial pleading was not "unequivocal notice of the right to

6

remove" and did not trigger time for defendants to file notice of removal under § 1446(b)).  Thus "for a paper to fall within the removal statutes, it must be unambiguous." *Farmland National Beef Packing Co., L.P. v. Stone Container Corp.*, 98 Fed. Appx. 752, 755 (10th Cir. 2004).  *See also* MOORE'S FEDERAL PRACTICE 3D § 107.30[3][f] ("The removal statute makes clear that the basis for removability must be ascertainable from the pleading or other paper. Until the defendant has fair notice that the case is removable, there should be no formal duty to investigate.").

This case does not present a close question.  The expert's statement that "if the roof continues to leak the next step is a total roof replacement," is neither clear nor unequivocal notice to defendant that a future roof replacement was certain.  Instead, use of the word "if" renders the statement expressly conditional, and uncertain in referring to events which may or may not occur in the future.  From this expert's statement produced in November, a defendant should reasonably have concluded that as of that date, no roof replacement was necessary, and that a future roof replacement may or may not be required.  The court will not place upon the defendant the burden of being a prognosticator who can predict that the roof will continue to leak or of being an investigator to determine how much a total roof replacement might cost.

The court reaches the same result as to the expert designation stating "[t]he only way to stop and correct the water intrusion problem is to replace a significant portion of the metal roofing system." Although this statement puts defendant on notice in January that some of the roof would need to be replaced, it did nothing to tell defendant whether the portion which needed to be replaced was 99% or 10% or anything in between. The phrase "significant portion" is equivocal in nature, being subject to multiple reasonable interpretations. This statement told defendant that a total roof replacement would not be necessary, but gave no indication how much of the roof may need to be replaced, or what the cost of so doing would likely be. This expert designation fails to convey either clear or unambiguous notice to defendant that a partial roof replacement of unstated size, proportions, or cost would necessarily increase plaintiff's damages to more than $75,000.

Accordingly, the date on which the defendant was first able to intelligently ascertain removability was on April 1, 2005 when plaintiff produced an itemization of its damages totaling more than $186,000. Defendant's removal within 30 days thereafter was timely.

The court notes defendant's assertions that plaintiff represented to the state court that "the specifics concerning what parts of the roof would need to be

replaced and the cost of that work only became known to plaintiff in March of 2005," Dk. 12, p. 12, but finds that statement to be unsupported by the record.[1]

**Attorney's Fees**

Because this court denies plaintiff's motion to remand, plaintiff is not entitled to any attorney's fees incurred in making this motion.

IT IS THEREFORE ORDERED that plaintiff's motion to remand this case to the District Court of Riley County, Kansas and for costs (Dk. 10) is denied, and that plaintiff's motion requesting oral argument (Dk.13) is denied.

Dated this 29th day of July, 2005, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge

---

[1] In support of this assertion, defendant refers the court to its statement of fact no. 25, which states solely the date on which the notice of removal was filed. Fact no. 24 does contain a relevant statement, but it is not supported by the record cited, *i.e.*, Dk. 11, Exh. E.